Okay let's call the first case which is U.S. v. Dutch 19-2196 and for the appellant is Ms. Messick. You may proceed. Good morning your honors and may it please the court, counsel. My name is Paige Messick. I'm an assistant U.S. attorney from Albuquerque, New Mexico. Let me begin with a question that the district court posed at resentencing in this matter and that was on what basis do I resentence disregarding this mandate? And the answer is that there was no basis on which the district court could resentence Mr. Dutch in disregard of the Dutch 1 mandate. First off that mandate was clear. The first Dutch panel reversed the district court's conclusion that the ACCA didn't apply and it remanded with instructions to resentence him consistent with its order and judgment and that order and judgment held that the ACCA government Ms. Messick you indicated that the district judge opened the hearing asking about how asking about the mandate expressly and she used the word mandate correct? Yes. Why didn't why didn't the prosecution talk about the mandate? The prosecution did talk about the mandate. The prosecutor. They didn't use the word magic word right? He did use the word at the end of the sentencing and that way and it came as no surprise at that point to judge Voskes she says I understand Mr. Crahey he'd been making the argument the entire time that the district court was bound by this course decision in Dutch 1 to impose an ACCA sentence that there was no sentence the court could impose on remand that was not the one that was dictated I believe he said by this court in Dutch 1 so it was clear from the beginning that the government argued that the district court because of Dutch 1 had no liberty to impose a sentence other than the one that Dutch 1 contemplated and mandated in fact. That mandate. Counsel is that the usual approach when we reverse and remand for resentencing? Don't we usually understand that the role of sentencing is with the district court and not with the appellate court? I'm sorry I couldn't hear the last part of your question. Don't we usually understand that the responsibility and duty to sentence defendants is with the district court and not the appellate court? Indeed it is but the district court is not at liberty to disregard the law of the case that the appellate court has set forth in its opinion and that law of the case here was that the ACCA governs now this court does have a rule a presumption in favor of a general remand so Dutch's argument was that everything again on remand was fair game but a general remand is not an escape act it's not intended to allow the district court to evade a result on appeal that it didn't agree with and it doesn't obliterate the law of the case that has been laid out in the court's opinion what the general remand does is allow a district court to hear on remand issues that are not foreclosed by the court's mandate even if they hadn't been raised before on appeal. So let's say Dutch on remand had wanted to raise an issue about the guideline calculation or something about restitution or forfeiture he could have done that and it would have been proper for the district court to entertain those arguments on remand even though Dutch hadn't raised them before on appeal but what the district court can't do and what a general remand doesn't allow is for a district court to disregard this court's holding on the very issue that resulted in the reversal and the remand. Why wouldn't the third exception to the mandate rule apply namely that the evidence is blatantly contradicted by the or the law of the case is blatantly or the mandate is blatantly contradicted by the evidence? The third exception to the mandate rule applies when the district court itself has made an appeal so the district court then has its own error to correct that wasn't at issue in the appeal but there is no exception to the mandate rule at the third exception or anywhere else that would allow a district court to disregard the holding of the court of appeals on the issue of reversal. To do that would entirely invert the judicial order. There's no exception that allows a district court to quote correct the 10th circuit and that's that's Mr. Dutch's argument that the district court here didn't create an error it didn't it didn't commit an error it corrected an error. He's saying it corrected the 10th circuit and that's not a district court's job to do. We as she said we're not infallible and if you know we're aiming at getting justice done you know why can't you know a panel mistake be corrected on remand? Well there are ways to correct a panel mistake and I dispute that the panel made any kind of mistake here at all but there are ways to correct an error made by the court of appeals and those would be rehearing by the panel itself, rehearing on bunk, or review by the supreme court. A district court correcting the court of appeals is not the direction that this goes. Our system quite wisely does not allow a case to ricochet back and forth between the trial court and the court of appeals until everybody finally agrees on the result or until the appellate finally draws a more receptive panel. So none of the exceptions to the mandate rule apply here in the court should not create an exception that will allow a district court to second guess this court's holding on appeal. The district court said that it thought it had authority to do what it was doing because this argument had not been fully developed at the initial sentencing. What do we do with that? It did say that but that's irrelevant to whether the district court is bound by the mandate of this court. It's not the case that a district court has to not only pass upon but fully develop an argument that the court of appeals may reach a holding on it. This court frequently, on plain error review, disposes of an argument raised by an appellant that was never presented before in district court. So whether Judge Vasquez believed that that had been the primary issue before her the first time, whether she believed that this court exhaustively or summarily disposed of the aiding and abetting argument, what is clear is that this court did dispose of the aiding and abetting argument by explicitly rejecting it. And that created no room for the district court to accept that precise argument again on remand. Who would have to fully develop this argument that is the aiding and abetting versus the bank robbery just straight up? Who would have to fully develop that at the initial sentencing? Would that be the government with the responsibility to prove up an enhancement or would that be the defendant? It's the government's responsibility to prove the enhancement by a preponderance of the evidence. If Mr. Dutch believed that that preponderance standard could not be met because of the possibility that he had aided and abetted all three robberies on a single occasion, then it was his inadequate. He did that and we did respond to it. And then I would note that the aiding and abetting argument was fully fleshed out. In fact, it was the focus of the appeal. It was a focus of his answer brief. It was a focus of a reply brief. It was a focus of oral argument. That issue was fleshed out. There was nothing new in front of the district court. In fact, Judge Vasquez said on the record, I'm hard pressed to see that there's anything new being argued here. But it's not a requirement, though, for the district court to be bound by, it's not a requirement for this court to explain in great detail why it has rejected a defendant's argument before its rejection of that argument, be it implicit or expressed, binds the district court on remand. Now, turning to the mandate that should issue in this appeal, the general mandate rule is just a presumption. The court can limit its mandate in any way that it sees fit. I would ask the court to remand here with explicit instructions that the district court is to impose an ACCA sentence on remand and that it not consider any other issue. Mr. Dutch has had plentiful opportunities to raise any issue that he sees fit, and it's time to ensure that this case comes to a close. Do you have any cases where we have been that specific in directing the district court exactly how to sentence a defendant? In the West case, this court remanded and told the district court to impose a sentence in the guideline range of, I think it was 27 to 33 months. Certainly, there are other cases in which the court has instructed the district court just to do something ministerial, essentially, on remand, not to do anything else. Recently, in the solid FX case just last month, the court explained that that mandate essentially left the district court with only ministerial tasks to complete. It wasn't to entertain new issues. That kind of mandate would not be out of step with this court's practice, especially in a case like this where the district court has had a difficulty. First of all, the Salt Lake case is a civil case. The holding in that case was that when we look at the mandate rule, we look at the entire opinion, and we read the mandate in the context of the entire opinion. In our case, if you're going to apply a civil case to a criminal case, which is okay, I guess it's a mandate, it's a mandate, do we have anything in our prior ruling that would educate us as to what was intended by our mandate? Yes, you can look at the opinion in Dutch I, and there are several things that ought to have made clear to the district court what it was to do on remand. First, the court at the beginning of the opinion concluded that the ACCA governs, that the government had met its burden through the indictment of proving that Dutch had committed his three bank robberies on separate occasions. Then, of course, it explicitly rejected Dutch's aiding and abetting theory. With those statements by the court, there was no room for the district court to go back and impose a sentence other than under the ACCA that this court had already held governed the case. I'd like to reserve the rest of my time for rebuttal. Let's hear from the public defender's office. May it please the court. My name is Brian Porter. I represent Mr. Dutch, and I would respectfully submit that this case is the easiest case that this panel will consider, if not today, then this week, because the government has an obligation to prove by a preponderance of the evidence, using documents that do not were committed on occasions distinct one from another. Here is the indictment. It's at Appellate Appendix 78. Mr. Corey, before we get to the merits, you made the very same argument on the merits before the district court at the first sentencing, correct? Yes, sir. You made that argument on appeal to this court in the last appeal, correct? I did. And then you filed a petition for en banc rehearing and made the same argument, correct? We did. You know, there was an old saying back in Roman times, you know, how long will Catiline, will you abuse our patience? I mean, how many times do you get to make this argument? Until it's heard. What is it that indicates to you that it was not heard on appeal in this court the last time? When you take this indictment and this plea agreement and you say categorically that they were committed on occasions distinct one from another, I don't think that's true. I honestly don't think the prior panel reviewed the plea agreement. Just a minute. The prior panel addressed your argument that you were making on the substance in the very briefs we have right now. It addressed that in an opinion, didn't it? It said that the record reflects that he committed the substance of crime of bank robbery. That was how they addressed it. Yes, sir. Are you saying that the panel on the previous appeal made a mistake? It's probably not my place to go quite that far. The question that I have for your honor to question before the court is are these separate documents sufficient? And that question was before the court in the last appeal, correct? And yes, that question was presented as part of the appeal, yes. Didn't the 10th Circuit panel at that time say expressly that you lose on that issue? And that is that the Dutch's prior indictments demonstrates that his three bank robberies occurred at different times and places in all different banks. This information satisfies the government's burden of proving by a preponderance of the evidence that the offenses are committed on occasions different from one another. And that is the question for the court. Is that an adequate answer given the documents before this court? Because when we say because the indictment says they occurred on separate dates, that's it. That's all that matters. We're done. And I don't think Shepard said for that proposition, I don't think that the documents that we have in this record. Okay, okay. So you had the opportunity and took the opportunity to file a petition for rehearing. Yes, sir. And you presented the very thing that you're saying right now, in that petition for rehearing. In that petition for rehearing, we allege many arguments, including the argument that we make right now, yes. And you were not granted the petition for hearing? No, sir. Correct. No, sir. So that means the court addressed specifically your argument that it overlooked something and you're lost on that, correct? Yes, sir. And now you're back again. Yes, sir. Is there a case you can point us to that would permit this panel to overrule the panel in Dutch 1? United States versus Moore, which is at 83rd F 3rd, 1, 2, 3, 5, where the court talks about because the mandate rule is a discretion guiding rule of policy and practice, and not a jurisdictional limitation, the rule provides for some flexibility in exceptional circumstances, such as where a blatant error in the prior decision will, if uncorrected, result in a serious injunctive. So the question is, if there was an error, if the indictment and the plea agreement, as read, cannot support an unambiguous determination that the crimes occurred on occasion separate from one another, if Mr. Dutchess' Sixth Amendment rights in entering that plea agreement, and it will be violated here in this proceeding by making a finding which the record will not support, then that's precisely the kind of blatant error that Moore, I think, will allow the court to correct. And I think that the court did correct. Mr. Borey, so you say there was an error in the previous panel, and it was an obvious one, and they chose not to correct it upon the petition for rehearing. What do you do with our rule that one panel cannot overrule another, right or wrong? What do you do about that? I'm not asking you to overrule a panel. I'm asking you to follow the course of this case through the mandate rule, which says that when it's remanded for resentencing, on a general remand, the district court has discretion to consider all of the issues pertinent to sentencing. Ms. Messick mentioned that we could talk about restitution. We could talk about different kinds of things that the court recognizes the court has that discretion. But the question for the court is, does the court have the discretion to correct a constitutional violation, a Sixth Amendment violation, a violation of a defense? Can a court essentially convict a defendant and sentence him to more than 15 years based on things he never admitted in the prior proceeding? Counsel, did he plead guilty to three bank robberies? And aiding and abetting. Yes, Your Honor. He pled guilty to the three bank robberies, and in each count, the indictment alleges aiding and abetting. Correct. So if we look at the burden of proof by the government to enhance the sentence, and their burden is the preponderance of the evidence, don't we have a preponderance of the evidence by those pleas to those three counts of bank robbery? No, Your Honor. Because, I should take that back. Yes, we have a plea to the substance of a bank robbery, but that plea in no way helps us resolve the question under the Armed Career Criminal Act. Namely, did Mr. Dutch participate in three bank robberies? When did he participate with them? And did that occur on occasions separate from one another? Reeling this back to where this started at the initial sentencing, and we've all, I think, agreed that the government has the burden to prove an enhancement. And they said, we have proved it here because we have evidence that he pled guilty to three bank robberies. Yes, ma'am. And you said, oh, no, no. This is an aiding and abetting plea. That's all it is. And that's where you come back and challenge the government. And you did that at the initial sentencing, right? And that was done, right? It was done. Whether or not it was incorporated in any judicial opinion to the point that we believe that the Shepard issue was addressed is how we disagree right now. And who didn't address the district court at the initial sentencing? Jandrowski said that the argument, I believe the language was, it wasn't fully addressed or, I'm trying to find the language of the court's order, that it was not fully addressed but developed at the first argument. And I don't think she said developed. Well, yes, that's what she's saying now. But at the initial sentencing, where you say you came back and argued aiding and abetting, didn't the district court have the opportunity to hear you and address that issue? Yes, she did. And unfortunately, she did not. And then when we come for remand, the language that she used, I think, is telling. She said, if Shepard is to stand for anything, it has to stand for something here. And so the question for this panel, for the prior panel, for the onboard panel, for Judge Loschkez, is does Shepard mean anything? So we say from these two documents, unambiguously and confidently, in a way that's going to condemn a man to an additional 10 years in prison, that there's no ambiguity, there's no confusion, there's no problem in looking at these documents. We know for a fact, this man committed three bank robberies on three separate occasions. And I would defy, with all due respect to this panel, the previous panel, to the onboard panel, I would defy anyone to look at these documents. Just take a moment and look at them and read them and try to reconcile them and try to understand if they were occurred on different occasions. Because when you plead to the counts, not in the disjunctive, but the conjunctive. Mr. Pori, I want to make sure I was right. You're not saying that the panel in the previous appeal did not address this very issue, and you lost. You're not, you're not. No, sir. So it was addressed. It was addressed in passing. Specifically on the aiding and abetting issue. And that says, Judge Wesley, maybe I've, maybe I've reached too far. Because when they talk about aiding and abetting, they said, Mr. Dutch alleges aiding and abetting. But we think that the indictment alleges three substantive counts of bank robbery. And that's how they addressed it. It says, regardless of the facts underlying Dutch's aiding and abetting, the government offered proof that Dutch pled guilty to three counts of substantive bank robbery. Yes, sir. That's how they addressed it. That's exactly how they addressed it. And the question is. And you say that was error. What is that proof? You say that. Answer my question. Answer my question. You say that. And you say that this panel now has to correct that other panel's error. Yes. All right. Because, because the previous panel says the indictment alleges three counts of bank robbery. And that sentence that you just read says that. But that's not right. The indictment alleges three counts of bank robbery and aiding and abetting. And the previous panel dismissed the and part, dismissed the substantive charge, dismissed the ambiguity created by that. Just wrote right over it. Just took a factual issue and just rewrote it. And if we're all comfortable with that, then I guess that's all Mr. Dutch too bad. I'm not comfortable with that. I'm sure this indictment says bank robbery and aiding and abetting. If you listen to the oral argument of the prior argument before the prior panel, I talked about guilty plea permutation. I said, he could have robbed one bank on one day and loaned his car. Mr. Pori. Yes, sir. Well, first of all, I really can't see the paper that you're waiving the indictment. I, it's not helpful for me because I can't really see anything. It's a Paris, it's public 78. That's a good. Right. Can you point me to a mandate exception case where district court is allowed to correct the air of the appellate? That brief recited a Walker for the proposition that the district court was not required to impose a prison term on remand rest. Remand did not prevent consideration of a new argument regarding restitution and web remand limited resentencing within the prescribed range as a distinction. There's nothing that are all blatant, blatant mistake cases. I don't know if I would say they're all blatant mistake cases, but you're right. Your honor, in the case of a basic mistake, the remand will allow the error to be corrected. And with much regret that I have to put this town in this position of calling into account another panel's assessment of the shepherd documents. That is what we've asked you to do. That is what she did. And the question is, did she abuse her discretion in doing that? I do believe for constitutional reasons, for reasons of the sixth amendment, which means something, something in this case, she did not err. And we asked the court to affirm the decision of the lower court. Unless there's any other questions, that's all here. All right. Let's go back to the government. Ms. Messick. Just to pick back up where Brian, or I'm sorry, where Mr. Pori left off. He says that in West and Webb and Walker, the district court was allowed to correct an error that the 10th circuit has made. None of those cases say that. None of those cases involve a district court saying that the court of appeals was wrong. And then the court of appeals saying that's fine. Yes, we were. That simply didn't happen in those cases. Beyond that, everything that Mr. Pori argued is the same as the argument that he and his client presented on appeal the first time and that this court has already disposed of. And I'm content to rely on our prior briefing and what I've argued today. We don't think it's appropriate to get back into the merits of the first appeal. It was clear that this court rejected his argument in the first appeal and the district court did not have the liberty to disregard that conclusion on remand. Well, I guess if we went your way, he could still, Mr. Pori could petition for an en banc review. And if this panel felt bound on the merits, I suppose there's still a path to victory if we happen to go your way. Are you, this is a question against interest, but are you aware of any mandate exception that would allow the district court to correct an appellate court error? No, no, I'm not aware of any mandate exception to that. This court has listed the mandate rule exceptions in West and said in that case that they were new law, new facts, and the need to correct an error made in the prior resentencing. So not the court of appeals error, but the sentencing error, the original error. And it said that if the district court in West had not identified one of those three exceptions, then there was no way to get around the mandate. So know that West implies that those are the only exceptions, but even if there were, even if those were not exhaustive list, the court has never recognized an exception that would allow a district court to correct the appellate court. As I mentioned, there are ways to correct an appellate court's error, not that we think that any was made, but that is not the district court's role in the system. All right, thank you, counsel. I appreciate the arguments. Case shall be submitted and you are excused and you can listen into the next one.